















SMV   1/4/06   10:25

3:06-CV-00006   ROUSE V. CLARK LAW OFFICES

*1*

*CMP.*

FILED

06 JAN -3 PM 3: 03

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ____Smv____ DEPUTY

1 | M. DAVID MEAGHER, ESQ. #171151
LAW OFFICES OF M. DAVID MEAGHER
2 | 333 S. JUNIPER STREET, SUITE 217
ESCONDIDO, CA 92025
3 | (760) 743-2200

4 | Attorneys for Plaintiff
Martin J. Rouse, Jr.

5

6

7

8 |                     UNITED STATES DISTRICT COURT

9 |              FOR THE SOUTHERN DISTRICT OF CALIFORNIA          **BY FAX**

10

11 | Martin J. Rouse, Jr., an individual,        CASE NO. '06 **CV 0006    LAB RBB**

12 |                  Plaintiff,                 PLAINTIFF'S COMPLAINT FOR
                                                VIOLATIONS OF FAIR DEBT
13 |               v.                            COLLECTION PRACTICES ACT
                                                15 U.S.C. SECTION 1692 ET.SEQ.
14 | LAW OFFICES OF RORY CLARK, RORY            C.C. § 1770 ET SEQ;
CLARK, an individual, JAN SHAPIRO, an          C.C. § 1788 ET SEQ;
15 | individual, and WORLDWIDE ASSET            UNFAIR BUSINESS PRACTICES;
16 | PURCHASING, a Limited Liability            INC., INTENTIONAL AND NEGLIGENT
Company,                                       INFLICTION OF EMOTIONAL
17 |                                            DISTRESS, AND DEMAND FOR JURY

18 |                  Defendants.

19 |                                            Plaintiffs alleges:

20 |                                   **I.**
                                  **INTRODUCTION**
21

22 | 1.   This is an action for damages brought by an individual consumer for Defendants'

23 |      violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et. seq.

24 |      (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive,

25 |      deceptive, and unfair practices. **Plaintiff demands a jury trial.**

26 |                                   **II.**
                                  **JURISDICTION**
27

28 | 2.   Jurisdiction of this court arises under 15 U.S.C. Section 1692k(d) and 28 U.S.C. Section

                                  **COMPLAINT**                      ORIGINAL

1337, and under the doctrine of pendant jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

## III.
## PARTIES

3.  Plaintiff, MARTIN J. ROUSE, JR. (hereinafter "Mr. Rouse, JR."), is a natural person residing in the county of San Diego, California.  Mr. Rouse, JR. is a consumer as defined in **15 U.S.C. Sec. 1692a(3)**.

4.  Defendant, LAW OFFICES OF RORY CLARK (Law Offices) is now, and at all times mentioned in this complaint is believed to be, and on information and belief is alleged to be a law firm existing under the laws of the State of California, with its principal place of business in West Lake Village, California. Defendant is engaged in the business of debt collection and regularly attempts to collect debts alleged to be due another. Defendant regularly conducts said activities in the County of San Diego.

5.  Defendant, RORY CLARK (Attorney), is a lawyer, and is now, and at all times mentioned in this complaint is believed to be, and on information and belief is alleged to be licensed to practice law in the State of California, with the principal place of business West Lake Village, California.  Defendant is a debt collector and regularly attempts to collect debts alleged to be due another. Defendant regularly conducts said activities in the County of San Diego.

6.  Defendant, Desk Name JAN SHAPIRO (Desk Name Shapiro) is now, and at all times mentioned in this complaint, is believed to be an individual, acting as an agent and/or employee of Law Offices, who at all times relevant in this complaint resided in the State of California. Defendant is engaged in the business of debt collection and regularly attempts to collect debts alleged to be due another.  Defendant Tucker regularly conducts said activities in the County of San Diego.  The Name Tucker is believed to be and on information and belief is alleged to be an alias, also known as a "Desk Name" within the collection industry.

7.  Defendant, WORLDWIDE ASSET PURCHASING, LLC, is a business on information

**COMPLAINT**
-2-

1   and belief, is alleged to be a Limited Liability Company, ("WAP") is now, and at all times

2   mentioned in this complaint is believed to be, and on information and belief is alleged to

3   be organized and existing under the laws of the State of Nevada, with its principal place

4   of business in Omaha, in the State of Nebraska. Defendant corporation is a debt collector

5   as defined in Civil Code section 1788.2(c) of the California Fair Debt Collection

6   Practices Act.

7   8.   Plaintiff is informed and believes, and thereon alleges, that each of the defendants is, and

8        at all times relevant herein was, the agent, employee or alter ego of each of the remaining

9        co-defendants, and in committing the acts herein alleged, was acting in the scope of their

10       authority as such agents, employees or alter egos, and with the permission and consent of

11       the remaining co-defendants.

12                                      IV.
                              FACTUAL ALLEGATIONS
13

14  9.   Mr. Rouse, Jr. repeats, realleges and incorporates by reference paragraphs 1through 8

15       above.

16  10.  Mr. Rouse, JR. received a series of letters, addressed to "Dale Rouse"dated August 22,

17       2005, on Law Firm's letter head.

18  11.  These letters contained a demand for payment not owed by Mr. Rouse, Jr.

19  12.  Mr. Rouse Jr. immediately return these letters with the unequivocal notation that "Dale

20       Rouse" did not live at Plaintiff's home.

21  13.  Shortly after these letters were returned, Mr. Rouse, Jr. began receiving telephone calls.

22       These calls took an abusive tone, claiming that Plaintiff was Dale Rouse, Sr., and was

23       living in the home with a Lorraine Rouse.

24  14.  In May of 2005, Mr. Rouse, Jr. spoke with Desk Name Shapiro of Law Office.

25  15.  Mr. Rouse, Jr. offered proof in the form of a driver license and social security number,

26       that he was Martin Dale Rouse, Jr., and as such, he had no liability for any debt of Dale

27       Rouse.

28  16.  Mr. Rouse, Jr. went so far as to advise Desk Name Shapiro that his fiancé, whom with he

                                    COMPLAINT
                                       -3-

1    shares his house, suffers from Multiple Sclerosis, and the stress of dealing with this

2    unwarranted attempt to collect a debt not owed by him was severely aggravating her

3    condition.

4  17.  During this same period of time, process servers acting on behalf of Law Offices, from

5    Titus accosted Mr. Rouse, Jr. and fiancé at his residence.

6  18.  The Titus agents became confrontational, claiming that Mr. Rouse, Jr. was Dale Rouse,

7    Sr., and that his fiancé was in fact Lorraine. To end this confrontation, Mr. Rouse, Jr. and

8    his fiancé produced driver's licenses, demonstrating conclusively that were not the

9    alleged debtors. Titus was ordered from the property and left.

10  19.  Following this confrontation, Defendant Desk Name Shapiro gave assurance on behalf of

11    Law Offices that the mistake in identity would be resolved.

12  20.  However, contrary to the assurances given by Desk Name Shapiro on behalf of Law

13    Offices, following this confrontation Titus placed a summons and complaint in Mr.

14    Rouse, Jr's. mail box.

15  21.  The Summons and Complaint left by Titus on behalf of Law Offices alleges the

16    defendants name to be Dale Rouse; aka Dale M. Rouse, aka Martin D. Rouse, aka Dale

17    M. Rouse, Sr.

18  22.  In August of 2005, Law Offices on behalf of WAP, knowingly and wilfully placed a lien

19    on property owned by Martin Dale Rouse, Jr., for a debt alleged to be owed by Dale

20    Rouse, Sr.

21  23.  Upon learning of the lien filed against his property, Mr. Rouse, Jr. Immediately contacted

22    Law Offices.

23  24.  Mr. Rouse, Jr. was in the middle of a refinancing of his property, and advised Law

24    Offices of this fact, and that the lien was preventing him from closing on his refinance.

25  25.  Law Offices responded by saying "Well I guess we'll get our money."

26                                      **V.**
                            **FIRST CAUSE OF ACTION**
27                          **VIOLATIONS OF FAIR DEBT**
                          **COLLECTION PRACTICES ACT**
28                       **15 U.S.C. SECTION 1692 ET.SEQ.**
        **AS APPLIED TO DEFENDANTS LAW OFFICES, ATTORNEY, TUCKER**

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as though fully stated here.

27. Defendants LAW OFFICES, ATTORNEY and Desk Name Shapiro violated 15 U.S.C. Section 1692 by:

    a)    Misrepresentation that an alleged debt was owed by Mr. Rouse, Jr.;

    b)    Defendants LAW OFFICES, ATTORNEY and Desk Name Shapiro violated 15 U.S.C. Section 1692 by demanding payment of an alleged debt without giving adequate notice to Plaintiff of the right to demand verification;

    c)    Defendants LAW OFFICES, ATTORNEY and Desk Name Shapiro violated 15 U.S.C. Section 1692 by knowingly and willfully placing a lien on property not owned by the alleged debtor, in an attempt to coerce payment of a debt known to Defendants to be owed by another.

28. As a result of Defendants, and each of them, violating the FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. SECTION 1692 ET.SEQ. Mr. Rouse, JR. has suffered actual damages, including emotional distress, loss of opportunity to acquire favorable interest rated for loans, shame, humiliation and disgrace. As a direct and proximate cause of these violations, Mr. Rouse, JR. is entitled to an award of statutory damages, actual damages, costs, and attorney's fees, in an amount to be proven at trial.

29. Mr. Rouse, JR. employed M. David Meagher, an attorney at law, licensed to practice law in all courts of the State of California, and in the UNITED STATES DISTRICT COURT, Southern District of California, to bring this action and will incur costs of the suit herein.

30. The reasonable value of the services rendered to date by the attorney and to be rendered by the attorney to Mr. Rouse, JR. will be in a sum to be determined and proven at trial.

**VI.**
**SECOND CAUSE OF ACTION**
**PENDANT STATE CLAIMS**
**(ACTS UNFAIR TO CONSUMERS)**
**[Civil Code §§ 1770)**
**AS APPLIED TO ALL DEFENDANTS**

1   31.   Plaintiff realleges and incorporates by reference  paragraphs 1 through 30 as though fully

2         stated here.

3   32.   All Defendants violated California Civil Code Section 1770 by:

4         a)      **Representing that a transaction confers or involves rights, remedies, or**

5                 **obligations which it does not have or involve, or which are prohibited by law,**

6                 as more fully set forth in paragraphs set forth above.

7   33.   As a direct and proximate result of Defendants, and each of them, violating Civil Code

8         SECTION 1770 ET.SEQ. Mr. Rouse, JR. has suffered actual damages, including

9         emotional distress, loss of income, shame, humiliation and disgrace.  As a direct and

10        proximate cause of these violations, Mr. Rouse, JR. is entitled to an award of statutory

11        damages, actual damages, costs, and attorney's fees, in an amount to be proven at trial.

12                                              **VII.**
                                      **THIRD CAUSE OF ACTION**
13        **(VIOLATION OF THE CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT)**
                                      **[Civil Code §§ 1788 et.seq.]**
14                                  **AS APPLIED TO ALL DEFENDANTS**

15  34.   Plaintiff realleges and incorporates by reference  paragraphs 1 through 33 as though fully

16        stated here.

17  35.   All Defendants organizations are engaged in debt collection in the State of California, and

18        as such, is a debt collector as defined in Civil Code § 1788.2(c), as well as a person as

19        defined in Civil Code § 1788.2(g).

20  36.   Defendant Desk Name Shapiro engages in debt collection in the State of California, and

21        as such, is a debt collector as defined in Civil Code § 1788.2(c), as well as a person as

22        defined in Civil Code § 1788.2(g).

23  37.   Defendants, and each of them violated California Civil Code Section 1788 by:

24        a)      **Demanding sums not owed by Plaintiff.**

25  38.   Defendants, and each of them violated California Civil Code Section 1788 by:

26        a)      **Demanding immediate payment of an alleged debt without providing**

27                **Plaintiff an opportunity to challenge the validity of the alleged debt.**

28  39.   Defendants, and each of them violated California Civil Code Section 1788 by:

      a)     **Demanding payment of an alleged debt with full knowledge that Plaintiff had no legal liability to defendants.**

40.    As a result of Defendants, and each of them, violating the California FAIR DEBT COLLECTION PRACTICES ACT, C.C. Section 1788 ET.SEQ. Mr. Rouse, JR. has suffered actual damages, including emotional distress, loss of opportunity to obtain favorable interest rates, shame, humiliation and disgrace. As a direct and proximate cause of these violations, Mr. Rouse, JR. is entitled to an award of statutory damages, actual damages, costs, and attorney's fees, in an amount to be proven at trial.

## VIII.
### FOURTH CAUSE OF ACTION
### (UNFAIR BUSINESS PRACTICE ACTS)
#### [Business & Professions Code § 17200]
### AS APPLIED TO ALL DEFENDANTS

41.    Plaintiff realleges and incorporates by reference paragraphs 1 through 40 as though fully stated here.

42.    Mr. Rouse, JR. brings this action in his individual capacity and on behalf of the general public.

43.    Defendants, and each of them acting as agent for the others, are and at all times relevant to this complaint, were engaged in the business of collections.

44.    Commencing on or about November 2001, and continuing to the present, defendants, and each of them acting as agent for the others, committed the acts of unfair practices as defined by Business and Professions Code section 17200 and described in the above stated Causes of Action.

45.    Defendants acts and practices described above were and are likely to mislead the general public and therefore constitute misleading and unfair practices within the meaning of Business and Professions Code section 17200. The acts and practices were and are likely to mislead the general public in that they constitute violations of Civil Code sections 1770 et seq., 1788 et seq., and 15 U.S.C. 1692 et.seq.

46.    These unfair and unlawful business practices of defendants are likely to continue and

1   therefore will continue to injure and mislead the public by inaccurate record keeping,

2   failure to correct inaccuracies and erroneous dissemination of inaccurate information, and

3   present a continuing threat to the public.

4  47.   Plaintiff is an interested person within the meaning of Section 17204 of the California

5   Business and Profession Code, because she is a victim of Defendants' unlawful, unfair,

6   and fraudulent business practices by reason of the facts alleged herein.

7  48.   The Defendants practices are in violation of Business and Professions Code Section

8   17200.  Unless restrained, Defendants, and each of them, will continue to engage in such

9   unfair, unlawful, and fraudulent business practices.

10  49.   Defendants, and each of them, as well as their respective officers, agents, servants, and

11   employees, should be restrained pursuant to section 17203 of the California Business and

12   Professions Code, from employing any of the unlawful, unfair, and fraudulent business

13   practices alleged in this complaint.

14  50.   Defendants, and each of them, should be ordered under section 17203 of the California

15   Business and Professions Code to make restitution to Plaintiff and all others similarly

16   deceived by defendants, of any and all money or property or proceeds which they have

17   acquired from their use of the unlawful practices described above.

18  51.   Plaintiff and all others similarly situated are without an adequate remedy at law and will

19   suffer irreparable damage if defendants are not enjoined from pursuing their unlawful

20   practices.

21                                   IX.
                           FIFTH CAUSE OF ACTION
22           (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
                         AS APPLIED TO ALL DEFENDANTS
23

24  52.   Plaintiff realleges and incorporates by reference paragraphs 1 through 50 as though fully

25   stated here.

26  53.   Defendants, knowingly and intentionally began a pattern and practice of gross violations

27   of Mr. Rouse, JR.'s statutory rights, for the sole purpose of collecting a debt know to

28   defendants to not be owed by him.

54. Defendants, and each of them, acting as agent for the others, above-described conduct was so severe and outrageous that as a proximate result Mr. Rouse, JR. has lost the opportunity to obtain favorable interest rates.

55. As a direct and proximate cause of these outrageous acts of Defendants, Plaintiff has suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress and defamation of character.

56. As a further direct and proximate result of wilful, untrue and knowingly acts and communications by the defendants, Mr. Rouse, JR. suffered damages and incurred costs and expenses in an amount to be determined at trial, and based on defendant's malicious conduct, Mr. Rouse, JR. requests punitive damages in an amount to be determined at trial.

## IIV.
## SIXTH CAUSE OF ACTION
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)
## AS APPLIED TO ALL DEFENDANTS

57. Plaintiff realleges and incorporates by reference paragraphs 1 through 56 as though fully stated here.

58. Defendants, knowingly and intentionally began a pattern and practice of gross violations of Mr. Rouse, JR.'s statutory rights, for the sole purpose of collecting a debt known by defendants to not be owed by him.

59. Defendants, and each of them, acting as agent for the others, above-described conduct was so severe and outrageous that as a proximate result Mr. Rouse, JR. has lost the opportunity to obtain favorable interest rates.

60. As a direct and proximate cause of these outrageous acts of Defendants, Plaintiff has suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress and defamation of character.

61. As a further direct and proximate result of wilful, untrue and knowingly acts and communications by the defendants, Mr. Rouse, JR. suffered damages and incurred costs and expenses in an amount to be determined at trial, and based on defendant's malicious conduct, Mr. Rouse, JR. requests punitive damages in an amount to be determined at trial.

1    **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against all

2    Defendants for the **First Cause of Action** for:

3        (a) actual damages in an amount to be proven at trial;

4        (b) statutory damages ($1,000.00 per violation pursuant to 15 U.S.C. Section 1692k);

5        (c) costs and reasonable attorney's fees pursuant to 15 U.S.C. Section 1692k; and,

6        (d) such other and further relief as may be just and proper.

7    **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against all

8    Defendants for the **Second Cause of Action** for:

9        (e) actual damages pursuant to California Civil Code Section 1770, in an to be proven at

10   trial;

11       (f) statutory damages;

12       (g) costs of suit;

13       (h) reasonable attorney's fees;

14       (i) for such other and further relief as to the court seems just and proper.

15   **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against all

16   Defendants for the **Third Cause of Action** for:

17       (e) actual damages pursuant to California Civil Code Section 1788, in an amount to be

18   proven at trial;

19       (f) statutory damages;

20       (g) costs of suit;

21       (h) reasonable attorney's fees;

22       (i) for such other and further relief as to the court seems just and proper.

23   **WHEREFORE** Plaintiff respectfully requests that judgment be entered against all

24   Defendants for the **Fourth Cause of Action** for:

25       (j) an order enjoining those methods, acts, or practices by defendants in violation of

26   Business & Professions Code 17200;

27       (k) an order disgorging defendants of all earnings from acts deemed to be in violation of

28   California Business and Professions Code Section 17200, et.seq.

**COMPLAINT**
-10-

1    (l) costs of suit;

2    (m) reasonable attorneys fees; and

3    (n) such other and further relief as may be just and proper.

4    **WHEREFORE** Plaintiff respectfully requests that judgment be entered against all

5    Defendants for the **Fifth Cause of Action** for:

6    (o) actual damages;

7    (p) exemplary damages;

8    (q) costs of suit;

9    (r) reasonable attorney's fees; and,

10    (s) for such other and further relief as to the court seems just and proper.

11    **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against all

12    Defendants for the **Sixth Cause of Action** for:

13    (t) actual damages;

14    (u) exemplary damages;

15    (v) costs of suit;

16    (w) reasonable attorney's fees; and,

17    (x) for such other and further relief as to the court seems just and proper.

18    Dated:          December 26, 2005

19                                    **LAW OFFICES OF M. DAVID MEAGHER**

20

21

22    By: _____

23                                    M. DAVID MEAGHER, ESQ.
                                      Attorneys for Plaintiff
24                                    MARTIN J. ROUSE, JR.

25

26

27

28

JS44
(Rev. 07/89)

## CIVIL COVER SHEET

**FILED**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

06 JAN -3 PM 3: 05

**I (a) PLAINTIFFS**

MARTIN J. ROUSE, Jr.

DEFENDANTS  LAW OFFICES OF CLARK/CLOSING RECORDER LAW
IAN SHAPIRO, WORLD WIDE ASSET Purchasing
SOUTHERN DISTRICT OF CALIFORNIA

BY ̄                                DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** SAN DIEGO
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Ventura
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

LAW OFFICES OF M. DAVID MEAGHER
333 S. JUNIPER ST, STE. 217
Escondido, CA 92025

ATTORNEYS (IF KNOWN)

**'06 CV 0006    LAB RBB**

**BY FAX**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)          FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

15 USC 1692  Fair Debt Collection Violation

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☒ 890 Other Statutory Actions |
| | | ☐ 555 Prisoner Conditions | | | |

**ORIGINAL**

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒1 Original Proceeding  ☐2 Removal from State Court  ☐3 Remanded from Appellate Court  ☐4 Reinstated or Reopened  ☐5 Transferred from another district (specify)  ☐6 Multidistrict Litigation  ☐7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE                          Docket Number

DATE 12/26/05                   SIGNATURE OF ATTORNEY OF RECORD

RD $250.00    #7  1/3/06   #119973 B