UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARTIN J. ROUSE, JR., an individual, | ) ) | Civil No. 06cv0006 LAB(RBB) |
| | ) | CASE MANAGEMENT CONFERENCE |
| Plaintiff, | ) | ORDER REGULATING DISCOVERY AND |
| | ) | OTHER PRETRIAL PROCEEDINGS |
| v. | ) ) | |
| | ) | (Rule 16, Fed.R.Civ.P.) |
| LAW OFFICES OF RORY CLARK; RORY | ) | (Local Rule 16.1) |
| WILLIAM CLARK, an individual; | ) | |
| JAN SHAPIRO, an individual; | ) | |
| WORLDWIDE ASSET PURCHASING, a | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to rule 16 of the Federal Rules of Civil Procedure, a case management conference was held on December 4, 2006.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

1.  All discovery shall be completed by all parties on or before August 27, 2007.  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure and discovery subpoenas under Rule 45 must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by

1

 1 | the cut-off date, taking into account the times for services,
 2 | notice and response as set forth in the Federal Rules of Civil
 3 | Procedure.  All motions for discovery shall be filed no later than
 4 | thirty (30) days following the date upon which the event giving
 5 | rise to the discovery dispute occurred.  For oral discovery, the
 6 | event giving rise to the discovery dispute is the completion of the
 7 | transcript of the affected portion of the deposition.  For written
 8 | discovery, the event giving rise to the discovery dispute is the
 9 | service of the response.  All interrogatories and document
10 | production requests must be served by <u>June 25, 2007</u>.
11 |    2.   The parties shall designate their respective case-in-
12 | chief experts in writing by <u>June 25, 2007</u>.  Rebuttal experts shall
13 | be designated on or before <u>July 9, 2007</u>.  The written designations
14 | shall include the name, address and telephone number of the expert
15 | and a reasonable summary of the testimony the expert is expected to
16 | provide.  The list shall also include the normal rates the expert
17 | charges for deposition and trial testimony.  The parties must
18 | identify any person who may be used to present evidence pursuant to
19 | Rules 702, 703 or 705 of the Federal Rules of Evidence.  This
20 | requirement is not limited to retained experts.  The designation(s)
21 | shall comply with rule 26(a)(2) of the Federal Rules of Civil
22 | Procedure and be accompanied by a written report prepared and
23 | signed by each witness, including in-house or other witnesses
24 | providing expert testimony.  **Please be advised that failure to**
25 | **comply with expert discovery or any other discovery order of the**
26 | **Court may result in the sanctions provided for in Fed. R. Civ. P.**
27 | **37 including a prohibition on the introduction of experts or other**
28 | **designated matters in evidence.**

06cv0006 LAB(RBB)

 1        3.    Any motion to join other parties, to amend the pleadings

 2   or to file additional pleadings shall be filed and heard on or

 3   before May 21, 2007.

 4        4.    All other pretrial motions must be filed on or before

 5   September 24, 2007.  Please be advised that counsel for the moving

 6   party must obtain a motion hearing date from the law clerk of the

 7   judge who will hear the motion.  **Be further advised that the period**

 8   **of time between the date you request a motion date and the hearing**

 9   **date may vary from one district judge to another.  Please plan**

10   **accordingly.**  For example, you should contact the judge's law clerk

11   in advance of the motion cutoff to calendar the motion.  Failure to

12   timely request a motion date may result in the motion not being

13   heard.

14        Questions regarding this case should be directed to the

15   judge's law clerk.  The Court draws the parties' attention to Local

16   Rule 7.1(e)(4) which requires that the parties allot additional

17   time for service of motion papers by mail.  Papers not complying

18   with this rule shall not be accepted for filing.

19        Briefs or memoranda in support of or in opposition to any

20   pending motion shall not exceed twenty-five (25) pages in length

21   without leave of the judge who will hear the motion.  No reply

22   memorandum shall exceed ten (10) pages without leave of the judge

23   who will hear the motion.

24        5.    Further settlement conferences shall be held at

25   appropriate intervals during the course of the litigation in the

26   chambers of Judge Ruben B. Brooks.  A telephonic, attorneys-only

27   settlement conference shall be held on March 8, 2007, at 8:30 a.m.

28   Counsel for Plaintiff is to initiate the call.  A mandatory

1  settlement conference date will be set at one of the scheduled

2  settlement conferences.

3      All parties, claims adjusters for insured Defendants and non-

4  lawyer representatives with complete authority to enter into a

5  binding settlement, as well as the principal attorneys responsible

6  for the litigation, must be present and legally and factually

7  prepared to discuss and resolve the case at the mandatory

8  settlement conference and at all settlement conferences.  Retained

9  outside corporate counsel shall not appear on behalf of a

10 corporation as the sole party representative who has the authority

11 to negotiate and enter into a settlement.  Failure to attend or

12 obtain proper excuse will be considered grounds for sanctions.

13     If Plaintiff is incarcerated in a penal institution or other

14 facility, the Plaintiff's presence is not required at conferences

15 before Judge Brooks, and the Plaintiff may participate by

16 telephone.  In that case, defense counsel is to coordinate the

17 Plaintiff's appearance by telephone.

18     **Confidential written settlement statements for the mandatory**

19 **settlement conference shall be lodged directly in the chambers of**

20 **Judge Brooks no later than five court days before the mandatory**

21 **settlement conference.**  The statements need not be filed with the

22 Clerk of the Court or served on opposing counsel.  The statements

23 will not become part of the court file and will be returned at the

24 end of the conference upon request.  Written statements may be

25 lodged with Judge Brooks either by mail or in person.  **ALL**

26 **PARTICIPANTS SHOULD PLAN TO ENGAGE IN MEANINGFUL SETTLEMENT**

27 **DISCUSSIONS AND COME PREPARED TO NEGOTIATE AND SETTLE THE CASE ON**

28 **TERMS OTHER THAN THOSE WHICH THEY HAVE PREVIOUSLY PROPOSED.**

1   Any statement submitted should avoid arguing the case.

2   Instead, the statement should include a neutral factual statement

3   of the case, identify controlling legal issues, and concisely set

4   out issues of liability and damages, including any settlement

5   demands and offers to date and address special and general damages

6   where applicable.

7   If appropriate, the Court will consider the use of other

8   alternative dispute resolution techniques.

9   6.   Counsel shall make their Pretrial Disclosures required by

10   Fed. R. Civ. P. 26(a)(3) on or before <u>December 31, 2007</u>.

11   7.   Counsel may object to Pretrial Disclosures on or before

12   <u>January 7, 2008</u>.

13   8.   Despite the requirements of Civil Local Rule 16.1(f),

14   neither party is required to file Memoranda of Contentions of Fact

15   and Law at any time.   The parties shall instead focus their efforts

16   on drafting and submitting a proposed pretrial order by the time

17   and date specified by Local Rule 16.1(f)(7)(b).

18   9.   Counsel shall confer and take the action required by

19   Local Rule 16.1(f)(4) on or before <u>January 12, 2008</u>.   The parties

20   shall meet and confer and prepare a proposed pretrial order.   A

21   personal meeting between an incarcerated Plaintiff, acting in <u>pro</u>

22   <u>per</u>, and defense counsel is not required.

23   At this meeting, counsel shall discuss and attempt to enter

24   into stipulations and agreements resulting in simplification of the

25   triable issues.   Counsel shall exchange copies and/or display all

26   exhibits other than those to be used for impeachment, lists of

27   witnesses and their addresses including experts who will be called

28   to testify and written contentions of applicable facts and law.

06cv0006 LAB(RBB)

1  The exhibits shall be prepared in accordance with Local Rule

2  16.1(f)(2)(c).  Counsel shall cooperate in the preparation of the

3  proposed final pretrial conference order.

4       10.   The proposed final pretrial conference order, including

5  objections to any party's Fed. R. Civ. P. 26(a)(3) pretrial

6  disclosures, shall be prepared, served and lodged with the trial

7  judge on or before January 18, 2008, and shall be in the form

8  prescribed in and in compliance with Local Rule 16.1(f)(6).

9  Counsel shall also bring a court copy of the pretrial order to the

10 pretrial conference.

11      11.   The final pretrial conference shall be held before the

12 Honorable Larry A. Burns, United States District Judge, on January

13 28, 2008, at 11:15 a.m.

14      12.   A post-trial settlement conference before a magistrate

15 judge may be held within thirty days of verdict in the case.

16      13.   The dates and times set forth herein will not be modified

17 except for good cause shown.

18      14.   Briefs or memoranda in support of or in opposition to any

19 pending motion shall not exceed twenty-five (25) pages in length

20 without leave of the judge who will hear the motion.  No reply

21 memorandum shall exceed ten (10) pages without such leave of court.

22 Briefs and memoranda exceeding ten (10) pages in length shall have

23 a table of contents and a table of authorities cited.

24

25

26

27

28

06cv0006 LAB(RBB)

1      15.   Plaintiff's(s') counsel shall serve a copy of this order

2   on all parties that enter this case hereafter.

3

4   Dated:   December 4, 2006

    RUBEN B. BROOKS
5                                    United States Magistrate Judge

6

    cc:   All Parties of Record
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CASE RESOLUTION GUIDELINES**

2

**<u>Attendance</u>**

3

4          All parties and claims adjusters for insured Defendants and
representatives with complete authority to enter into a binding
settlement, as well as the principal attorney(s) responsible for
5  the litigation, must be present and legally and factually prepared
to discuss and resolve the case.  Failure to attend or obtain
6  proper excuse will be considered grounds for sanctions.

7  **<u>Case Resolution Conference Briefs</u>**

8          Written statements shall be lodged in the chambers of Judge
Brooks no later than five court days before the scheduled con-
9  ference.  The statements will not become part of the court file and
will be returned at the end of the conference.  Written statements
10  may be submitted on a confidential basis and lodged with
Judge Brooks either by mail or in person.

11

       Any statement submitted should avoid arguing the case.
12  Instead the statement should include a neutral factual statement of
the case and concisely set out issues of liability and damages,
13  including any settlement demands and offers to date, and address
special and general damages where applicable.

14

       If appropriate, the court will consider the use of other
15  alternative dispute resolution techniques.

16          If you have any further questions, please feel free to contact
my research attorney, at (619) 557-3404.

17

18

19

20

21

22

23

24

25

26

27

28