# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. ROUSE, JR., an individual,<br><br>                 Plaintiff,<br>vs.<br><br>LAW OFFICES OF RORY CLARK, RORY CLARK, an individual, JAN SHAPIRO, an individual, and WORLDWIDE ASSET PURCHASING, a Limited Liability Company,<br><br>                 Defendants. | CASE NO. 06cv0006-LAB (RBB)<br><br>**ORDER EXCUSING DEFAULT**<br><br>[Dkt Nos. 33, 34, 35, 36] |

      On September 26, 2006, the court entered an Order denying defendants' anti-SLAPP special motions to dismiss four of six causes of action alleged in this Fair Debt Collection Practices matter. Defendants filed no timely Answer thereafter. On November 2, 2006, plaintiff filed requests for entry of default against each defendant.[1] On November 3, 2006, defendants filed an Answer to the Complaint, one day later than the date plaintiff's counsel had indicated he was willing to forego default requests and days after the responsive pleading was due under the federal rules.[2]

---

[1] Plaintiff's counsel represents in his December 8, 2006 Declaration: "Defaults were entered as to all defendants on November 2, 2006." Meagher Decl. ¶ 25. However, the docket reflects only the filing of his requests, with no formal action taken by the Clerk's Office, albeit that the entry of a default for failure to timely respond to a Complaint is a ministerial act.

[2] "My advisory of the default was given to opposing counsel as a courtesy [by letter dated October 26, 2006]. It was at that time that I advised Mr. Ellis and Mr. Bastian, that I would wait until the close of business on November 2, 2006, before I would submit the Defaults. It was my belief that although already late

In consideration of the strong policy preference to decide cases on their merits, the court entered an Order To Show Cause ("OSC") on November 17, 2006, instructing defendants to file an explanation showing good cause why the default should be excused and the late Answer accepted. Plaintiff was thereafter to file a statement of non-opposition to the denial of his default requests, or to file opposition adequate to persuade the court to strike the Answer and to enter the defaults.

The defendants had already appeared in this action through the timely filing of anti-SLAPP motions. The denial of those motions on September 26, 2006 triggered the Answer deadline clock, a deadline defendants acknowledge they missed. Defendants have responded to the OSC with a request to discharge the OSC and to deny plaintiff's requests for entry of default, supported by sworn Declarations. As pertinent to this decision, they make the following persuasive showings: (1) counsel June D. Coleman, Esq. avers she changed law firms in late September 2006, with a transition agreement with her former firm about the processing of all communications about her pending cases that apparently broke down with respect to notice of this court's decision on the anti-SLAPP motions; (2) Ms. Coleman was out of her office for portions of the first week of October due to her own illness, an on-going family medical emergency, and Northern California appearances in other cases during that month; (3) she first became aware of the court's September 26, 2006 ruling on October 23, 2006; (4) Ms. Coleman spoke with opposing counsel, M. David Meagher, Esq., on November 1, 2006, after learning he had contacted her old firm regarding the filing of an Answer, and they discussed issues related to the need to file a substitution of attorney, among other things, during which conversation Ms. Coleman committed to file an Answer by November 2, 2006 on behalf of all defendants, timing Mr. Meagher agreed would avoid his filing of requests for entry of default; (5) Ms. Coleman electronically filed the Answer shortly after midnight on November 2-3, 2006, the lateness occasioned by a family medical emergency and difficulties with the new e-filing process; and (6) the chain of events supports a finding of inadvertence caused by a combination of factors beyond Ms. Coleman's control rather than lack of diligence.

The Declaration of William A. Munoz, Esq., an attorney in Ms. Coleman's former firm,

---

with Answers, professional courtesy demanded that I give opposing counsel one week to file Answers." Meagher Decl. ¶¶13, 15.

substantiates that firm's responsibility to forward incoming mail to her, as well as the results of an unsuccessful search for the September 26, 2006 Order or anyone who recalls seeing that Order. The Declaration of Mark E. Ellis, co-counsel with Ms. Coleman in this case, substantiates the move to their new firm, beginning the week of September 25, 2006, was characterized by misplaced mail, temporarily lost files, delayed filings of substitutions of attorney and the like,[3] and confirms defense counsel's intention to "zealously defend the action." All the declarations provided in support of defendants' response to the OSC by persons in both firms responsible for receiving and reviewing court Orders state none of those individuals recalls seeing the September 26, 2006 Order denying the anti-SLAPP motions.

Plaintiff filed opposition to defendants' motion for relief from default in response to the OSC. He makes two arguments, both going to the merits of the action. He alleges he owed no money to the defendants (a fact essentially conceded by defendants in the parties' presentations in support of and in opposition to the anti-SLAPP motions), and that defendants allegedly committed numerous violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. On the strength of his argument defendants purportedly lack a meritorious defense to the "strict liability" Act, plaintiff urges relief from the default be denied. The court deems such arguments are appropriately considered in fully-briefed summary judgment motions rather than informing the narrow decision before the court here: whether to accept the late Answer based on a satisfactory showing of excusable neglect and to permit defendants to defend this action. Contrary to plaintiff's characterization, the court finds defendants' conduct does not support a finding of "deliberate failure to respond." Defendants timely filed motions in response to the Complaint, and their counsel declare their intention to zealously defend the action. No prejudice appears from the short delay beyond the time plaintiff's counsel appears to have promised he would not to seek entry of default. The court finds the default is excusable.

The court further finds plaintiff's request to recovery attorneys' fees should be denied. Plaintiff's reliance on authority dealing with recovery of attorneys' fees incurred in obtaining a *default judgment* -- in circumstances where the court had previously set aside several defaults and in the

---

[3] The docket reveals each defendant in this case filed a Notice of Substitution of Attorney on October 11 and 23, or November 6, 2006.

1  context of sanctions for misbehavior in the discovery process -- is misplaced. *See* <u>Nilsson, Robbins
2  *et al.* v. Louisiana Hydroelectric</u>, 854 F.2d 1538 (9th Cir. 1988). Without reaching the issue of the
3  reasonableness of his attempted recovery of $6,175.50 for 17.90 hours counsel represents he has spent
4  "related to the Default," his authority is inapposite to the procedural posture of this case and to the
5  conduct of defendants associated with the timing of the filing of their Answer.
6  .	For all the foregoing reasons, **IT IS HEREBY ORDERED**:
7  	1.	Plaintiff's requests to enter defendants' defaults are **<u>DENIED</u>**.
8  	2.	To the extent the filing of the requests for entry of default may be construed as entries
9  of default, the defaults are hereby excused and set aside, with defendants' Answer deemed timely filed.
10 	3.	Plaintiff's request for an award of attorneys' fees associated with his pursuit of the
11 defaults is **<u>DENIED</u>**.
12 	**IT IS SO ORDERED**.
13 DATED: December 12, 2006

		[signature: Larry A. Burns]

		**H**ONORABLE **L**ARRY **A**LAN **B**URNS
		United States District Judge